**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Wheeling**

**UNITED STATES OF AMERICA**,

                Plaintiff,

     v.                                **Criminal Action No. 5:19-CR-3**
                                          Judge Bailey

**MICHAEL JOHN MAISEY**,

                Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING RECOMMENDATION FOR HOME CONFINEMENT**

Pending before this Court is a motion seeking the appointment of counsel for Mr. Maisey's appeal of this Court's denial [Doc. 73] of his Motion to Reconsider Order Denying Motion to Transfer to Home Confinement and Renewed Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(I) [Doc. 59].  In his motion, Mr. Maisey sought both home confinement and compassionate release.  There is also pending as a motion, an untimely response to the Government's response to the motion to reconsider.

With respect to the defendant's request for appointed counsel, this Court has followed Supreme Court precedent in holding that "[t]here is no right to counsel in post-conviction hearings." *United States v. Estelle*, Crim. Act. No. 5:12-CR-20, Doc. 1146 at 2, (N.D. W.Va. filed June 22, 2020) (quoting *Pennsylvania v. Finley*, 481 U.S. 551, 556–57 (1987)).

Specifically, with respect to the instant case, a petitioner has no Sixth Amendment right to counsel in connection with a § 3582(c) motion.  The courts of appeals to address

the issue have uniformly held that a defendant does not have a Sixth Amendment right to counsel in connection with a § 3582(c) motion filed after a defendant's direct appeal has concluded. *See, e.g., **United States v. Reddick***, 53 F.3d 462, 465 (2d Cir. 1995); ***United States v. Hart***, 331 F.App'x 972 (3d Cir. 2009); ***United States v. Legree***, 205 F.3d 724, 730 (4th Cir. 2000); ***United States v. Whitebird***, 55 F.3d 1007, 1011 (5th Cir. 1995); ***United States v. Forman***, 553 F.3d 585, 590 (7th Cir. 2009) (per curiam), *overruled on other grounds by **United States v. Taylor***, 778 F.3d 667 (7th Cir. 2015); ***United States v. Brown***, 565 F.3d 1093, 1094 (8th Cir. 2009); ***United States v. Townsend***, 98 F.3d 510, 512–13 (9th Cir. 1996); ***United States v. Brown***, 556 F.3d 1108, 1113 (10th Cir. 2009); ***United States v. Webb***, 565 F.3d 789, 793–95 (11th Cir. 2009).

The petitioner also has no statutory right to counsel. The pertinent statutory provision, the Criminal Justice Act, 18 U.S.C. § 3006A(c), states in relevant part: "A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance . . . through appeal, including ancillary matters appropriate to the proceedings." Courts have consistently found that a § 3582 proceeding is not an "ancillary matter" as set forth in § 3006A, and have likewise held that a defendant does not have a statutory right to counsel in connection with a § 3582(c) motion. *See, e.g., **Whitebird***, 55 F.3d at 1010 (defendant has no statutory right to counsel in connection with a § 3582(c) motion because such a motion is not an "ancillary matter" under § 3006A); ***Reddick***, 53 F.3d at 464–65 (same); *cf. **Burrell v. United States***, 332 A.2d 344, 347 (D.C. 1975) (defendant has no statutory right to counsel in connection with motion to reduce sentence under Rule 35(b)).

2

Accordingly, the defendant's motion for the appointment of counsel [**Doc. 75**] is **DENIED**.

With respect to Mr. Maisey's other filing [**Doc. 84**], to the extent that this constitutes yet another motion seeking compassionate release, the same is **DENIED** as duplicative of the motion and order on appeal.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: October 1, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE